Oldiiam, J., delivered the opinion of the court. A number of questions are raised by the assignment of errors,- and the argument of counsel; several of which we deem it unneceK sary to notice, while others were decided or passed over, as of not sufficient importance to require consideration, when this case was previously in this court. See Ringgold, adm'r, vs. Newkirk & Olden, 3 Ark. R. 96. We will confine our attention to the questions raised subsequently to the previous decision in the case. In this case, Ringgold, adm'r, vs. Newkirk & Olden, the court held that, upon the guaranty sued upon, the plaintiffs were not entitled to a recovery against the defendant, unless they had used reasonable diligence to make the demand of the principal or original debtor, and given notice of non-payment to the guarantor. “That the stipulation is to pay in case the original debtor does not, and is an auxiliary obligation: that the right of the security to refer the creditor to the discussion of the principal • debtor, is a right in equity as well as in strict justice: that the creditor ought not to be allowed to enforce the payment of the security without notice of the non-payment of the principal debtor: that a debt should be paid rather by those who 'are the principal debtors, and who have profited by the contract, than by those who are debtors for others, a security or guarantee being but an engagement collateral to and arising out of the original obligation.” And these principles thus laid down, seem to be sustained by the civil law authorities relied upon by the court in the decision. The appellees ask the court to review the questions thus decided, whether the guarantor is entitled to a demand of payment of the original debtor, and notice of non-payment by him. This we deem unnecessary in the present case. This was a contract made in Louisiana. The lex loci contractus niust govern in the construction of the contract and in the liability of the parties. The authorities of the civil law in force in Louisiana, relied upon by the court, as before remarked, fully warrant the construction given to the com tract under consideration. Whenever a case arises depending alone upon common law authority for its construction, the court may then, if it is thought necessary and proper, review the principle decided in Lane vs. Levillian, 4 Ark. R. 76. It being thus determined that the guarantor in this case is not responsible before a demand made of the principal debtor, and notice of non-payment, we will proceed to inquire whether there has been sufficient demand made of Randolph and Keethley, and due notice given to the guarantor or his legal representative. The guaranty, upon which this suit is brought, is dated March 3d, 1833, and was brought to Baiesville in 1836, and placed in the hands of Denton, a lawyer, for collection. Denton presented it to Ring.gold as one of the firm of Montgomery, Kelly & Co., for payment, but payment was refused upon the ground that Kelly had no authority to sign the partnership or firm name to such an instrument, and Denton was informed that he must look to the estate of Kelly alone for payment. During the summer of 1836, Denton presented the claim to Randolph and Keethley who resided at Van Burén, Ark., and requested payment, which was not made, of which fact he subsequently notified Ringgold as the administrator of Kelly’s estate. Do these facts disclose a sufficient demand of Randolph and Keethley? The bill purchased of Newkirk & Olden by Randolph and Keethley was not in the hands of Denton, he had no order on them for the money; nothing appears to have been in his hands but the guaranty given by Montgomery, Kelly & Co., and to which Randolph & Keethley were not parties. Quere, Did these facts authorize Denton to make the demand in question? But passing this question by, did the appellee use due diligences in making demand of the principal debtors and in giving notice of non-payment to the guarantor so as to hold him responsible? What constitutes due diligence must depend upon the peculiar circumstances in each particular case. In this case the contract was executed in New Orleans in March, 1833; the creditors resided either in New Orleans or New York, the principal debtors at Van Burén, and the guarantor at Batesville. The demand was not made until the summer of 1836, more than three years from the making of the contract. No reason is given why a demand was not sooner made. Under these circumstances we hold that the creditors were guilty of laches, and that reasonable diligence was not exercised by them in the promises, and that the guarantor cannot be held responsible under this state of the case. Wherefore, we are of opinion that the circuit court erred in not granting a new trial, for which rea^ son the judgment is reversed.